```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MCKINLEY MILLER,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         10-CV-1603 (JS)(WDW)

NASSAU COUNTY CORRECTIONAL
FACILITY MEDICAL DEPARTMENT,

                    Defendant.
------------------------------------X
APPEARANCES:
For Plaintiff:      McKinley Miller, Pro Se
                    09003139
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendant:      No appearances
```

SEYBERT, District Judge:

Pending before the Court is the Complaint of pro se Plaintiff McKinley Miller ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed in forma pauperis. For the reasons discussed herein, the application is GRANTED.

BACKGROUND

Plaintiff's brief handwritten Complaint challenges the conditions of his confinement at the Nassau County Correctional Center pursuant to 28 U.S.C. § 1983. According to the Complaint, Plaintiff is disabled and suffers severe pain in his left leg as a result of his "bad back deginarated [sic] disc L455 lumbar area as

well as syotica [sic]." Due to this medical condition, Plaintiff asserts that he requires physical therapy and "injections in [his] back" and that he has been denied such treatments. Plaintiff alleges that his medical condition has worsened as a result of the Defendant's denial of medical treatment.[1]

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[1] Although the Complaint names "Nassau County Correctional Facility Medical Department" as the sole Defendant, it is not a suable entity. See, e.g., Schwamborn v. County of Nassau, 06-CV-6528(SJF), 2008 WL 4282607, *5 (E.D.N.Y. Sept. 16, 2008), aff'd., 348 Fed. Appx. 634, 2009 WL 3199001 (2d Cir. Oct. 7, 2009) (The Nassau County Correctional Facility, "operated by the Sheriff's Department, [is] an administrative agency of Nassau County [and is] not subject to suit apart from the municipality as they do not have an independent legal entity.") (citations omitted). Construing Plaintiff's Complaint liberally, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), it could be inferred that Plaintiff intended to bring his claim against the County of Nassau. Rather than dismiss the Plaintiff's Complaint for this reason with leave to amend, the Court deems Plaintiff's claim to be asserted against the County of Nassau. Accordingly, the Complaint is so amended.

II. <u>Application Of The Prison Litigation Reform Act</u>

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

It is axiomatic that the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally, <u>see</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that <u>pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. <u>Soto v. Walker</u>, 44 F.3d 169, 173 (2d Cir. 1995) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. <u>See</u> <u>Hughes</u>, 449 U.S. at 10; <u>Koppel v. 4987 Corp.</u>, 167 F.3d 125, 127 (2d Cir. 1999).

While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint.

CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendants without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's

4

authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:　　May 5, 2010
　　　　　　Central Islip, New York